IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS FOSTER EDEN, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § | _____ |
| MESUD CERVA and MID-WEST EXPRESS, INC., | § § § | |
| Defendants. | § | JURY DEMAND |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW TRAVIS FOSTER EDEN**, hereinafter referred to as "Plaintiff", and files this as his Original Complaint, complaining of MESUD CERVA and MID-WEST EXPRESS, INC., hereinafter referred to as "Defendants", and for same would respectfully show unto the Honorable Court and Jury the following:

### A. PARTIES AND SERVICE OF PROCESS

1. Plaintiff is a resident of the Eastern District of Texas.

2. Defendant, Mesud Cerva's last known residential address is 3841 Whispering Way, Grand Rapids, MI 49546.

3. Defendant, Mid-West Express, Inc. is a Kentucky Corporation (KCO) with its principal place of business in the State of Kentucky. Defendant may be served with process by serving its registered agent for service, Elevedina Hotilovae at 579 Lost Circle Unit B, Bowling Green, KY 42101.

## B. JURISDICTION

4. This Honorable Court has jurisdiction over this case under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

5. This case was properly filed in the United States District Court for the Eastern District of Texas, Sherman Division, because the incident at issue occurred in Denton County, Texas, within the Eastern District of Texas. Defendant was doing business in the Eastern District of Texas at the time of the incident herein, and in particular, the Sherman Division of the Eastern District of Texas. Further, Defendants committed negligent acts and omissions in the Eastern District of Texas.

## D. FACTS

6. This case arises out of an automobile collision that occurred in the 13000 block of I-35, Denton, Denton County, Texas, on June 3, 2013. On that date, Plaintiff was traveling Southbound in the 13000 block of I-35 in the far right lane when he slowed his vehicle due to slowed traffic in front of him. The vehicle owned by Defendant, Mid-West Express, Inc., and being driven by Defendant, Mesud Cerva, was traveling Southbound behind Plaintiff in the right land and "failed to control speed" when he attempted to change lanes to avoid Plaintiff's vehicle. Suddenly and without warning, Defendants' vehicle struck Plaintiff's vehicle from behind pushing it into the left lane of traffic. At the time of the incident, Plaintiff was wearing a lap belt and shoulder harness, and the force of the impact was so severe that it caused severe damage to Plaintiff's vehicle and to Plaintiff.

7.  As a result thereof, Plaintiff sustained severe, significant, disabling, and permanent personal injuries.

### E. LIABILITY OF DEFENDANTS

8.  At all times hereto, Plaintiff would that Defendants were the owners/driver of the vehicle (tractor-trailer rig) causing Plaintiff's injuries. In addition, at all times pertinent hereto, Plaintiff would show that Defendants were operating a commercial vehicle and doing business in the Eastern District, State of Texas, and as such Defendants and its employees, agents, and authorized representatives owed Plaintiff a duty of reasonable care which they violated in the following respects, specifically:

   a.  Defendants had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances similar to those described herein;

   b.  Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty;

   c.  The negligent, careless and reckless disregard of duty of Defendants consisted of, but is not limited to, the following acts and omissions:

   i.  Defendant, Mesud Cerva, failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   ii. Defendant, Mesud Cerva, failed to operate his vehicle in a safe and proper manner in an effort to avoid the collision complained of;

   iii. Defendant, Mesud Cerva, failed to maintain a clear and reasonable distance between Plaintiff's vehicle and Defendants' vehicle which permit a safe stop without colliding into Plaintiff's vehicle;

   iv. Defendant, Mesud Cerva, failed to keep such distance away from Plaintiff's vehicle as a person using ordinary prudent care would have done;

    v.    Defendant, Mesud Cerva, was operating his vehicle at a rate of speed which was greater than a person of ordinary prudence would have under the same or similar circumstances;

    vi.    Defendant, Mesud Cerva, failed to apply the brakes to his vehicle in a timely and prudent manner in order to avoid the collision in question; and

    vii.    Defendant, Mid-West Express, Inc. is guilty of negligent entrustment in allowing Defendant, Mesud Cerva, to operate a vehicle owned by them.

    viii.    Defendant Mid-West Express, Inc. can be held liable to Plaintiff under the doctrine of respondeat superior.

### F. DAMAGES

9. In the incident at issue, Plaintiff suffered significant, severe, disabling and permanent injuries to his head, neck, upper body, back and general body as a whole. Plaintiff has suffered pain and mental anguish, lost income, disfigurement, and physical impairment in the past and, in all reasonable probability, will incur these elements of damages in the future, to include diminished earning capacity. In addition, Plaintiff has incurred medical bills in the past and, in all reasonable probability, will incur medical bills in the future. Plaintiff's damages greatly exceed the sum of $75,000.00 exclusive of interest and costs.

### G. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10. Plaintiff requests pre-judgment and post-judgment interest at the highest legal rate.

### H. JURY DEMAND

11. Plaintiff respectfully request that this Honorable Court allow Plaintiff's counsel and Plaintiff to try this case before a jury.

## I. PRAYER

12. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that:

    a. Defendants be served with process and summons, and appear and answer herein;

    b. Plaintiff recovers from Defendants, joint and severally, damages well in excess of $75,000.00, exclusive of interest and costs;

together with such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled, and for which he will ever pray.

Respectfully submitted,

*/s/ Edwin E. Wright, III*

EDWIN E. WRIGHT, III
State Bar No. 22069500
LARRY SULLIVANT
State Bar No. 19500000
SULLIVANT, WRIGHT & BRINKLEY, LLP
209 Dixon Street
P.O. Box 1517
Gainesville, TX 76241-1517
940-665-5481 Office
940-668-6147 Facsimile
wright@edwright.com